Philip E. BOYNTON, Clarence W. Boynton, Richard M. Boynton, Norma Ann Logan, Renelda J. Westfall, Shannon Nonn, Aaron Scott Bernard, Alan F. Bernard, Linda R. Bernard, and David Alan Bernard, Plaintiffs–Respondents,

v.

HEADWATERS, INC. (formerly known as Covol Technologies, Inc.), Defendant–Petitioner.

Misc. No. 883.

United States Court of Appeals, Federal Circuit.

Dec. 17, 2008.

Before SCHALL, BRYSON, and PROST, Circuit Judges.

SCHALL, Circuit Judge.

## ORDER

Headwaters, Inc. petitions for permission to appeal, pursuant to Fed.R.Civ.P. 23(f), seeking review of an order by the United States District Court for the Western District of Tennessee that granted class certification.* Phillip E. Boynton et al. (Boynton) respond.

The parties request that this court withhold its decision until the United States Court of Appeals for the Sixth Circuit decides an identical petition filed with that court. Because we may determine our own jurisdiction, we decide the matter at this time.

The plaintiffs brought an action in district court alleging patent infringement and asserting state law claims. This court decided a previous appeal on the merits of this matter, affirming-in-part, vacating-in-part, and remanding for further proceedings. Subsequently, the district court granted the plaintiffs' motion to certify a class.

Fed.R.Civ.P. 23(f) provides:

A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit clerk within 10 days after the order is entered. An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

This court's jurisdiction to review orders or judgments of the district courts is limited. Pursuant to 28 U.S.C. § 1291, "[t]he jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title."

We note that section 1292(c) provides this court with jurisdiction to decide a petition for permission to appeal, but only if the petition for permission to appeal relates to a trial court's court order that is certified by the trial court to involve a controlling question of law. Other portions of section 1292(c) of title 28 are not pertinent. Section 1292(d) provides this court, inter alia, with jurisdiction over a district court order transferring a case to the United States Court of Federal Claims. Section 1295 provides this court, inter alia, with jurisdiction to review final decisions of district courts in cases arising under the patent laws. An order concerning class certification is not a final decision and thus section 1295 does not provide jurisdiction to this court. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) (an order denying a motion to certify a class is not a final decision and a court of appeals does not have jurisdiction to review the interlocutory order).

Unlike the petitions for permission to appeal authorized by 28 U.S.C. § 1292(b), (c), petitions for permission to appeal regarding orders granting class certification do not involve an order certified by the district court and thus do not come under the ambit of 28 U.S.C. § 1292(c). Because such orders are not expressly covered by section 1292(c), there is no statute authorizing an appeal to this court instead of the regional circuit.

Accordingly,

IT IS ORDERED THAT:

The petition for permission to appeal is dismissed.

---

* We grant Headwaters' motion for leave to file a substitute petition.